JORGE L. SANCHEZ, ESQ.
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
900 South Fourth Street, Suite 101
Las Vegas, Nevada 89101
Phone (702) 635-8529
Fax (702) 537-2800
E-mail jsanchez@sanchezlawgroup.net
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) BK-09-26217-BAM |
| | ) CHAPTER 13 |
| JUDITH ESPINOZA | ) |
| | ) **MOTION TO VALUE DEBTORS' NON-** |
| Debtor(s) | ) **PRINCIPAL RESIDENCE REAL PROPERTY, TO** |
| | ) **MODIFY THE RIGHTS OF PARTIALLY** |
| | ) **SECURED LIENHOLDER AND OBJECTION TO** |
| | ) **LIENHOLDER'S PROOF OF CLAIM** |
| | ) |
| | ) DATE: February 4, 2010 |
| | ) TIME: 2:30 p.m. |
| | ) ESTIMATED TIME FOR HEARING: 15 min |

COMES NOW, Debtor, JUDITH ESPINOZA (hereinafter "Debtor"), by and through her attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and moves this Court to value Debtor's non-principal residence, determine the lien of BAC HOME LOANS/COUNTRYWIDE ("BAC HOME LOANS") to be partially unsecured and modify the rights of said creditor accordingly.

This Motion is brought pursuant to 11 U.S.C. § 502(a), §506(a), §1322(b)(2), and Bankruptcy Rule 3012 and 9014, the Points and Authorities set forth below and all documents and pleadings on file herein.

**POINTS AND AUTHORITIES**

1.  Debtor filed a Chapter 13 petition in the United States Bankruptcy Court, District

of Nevada on August 31, 2009 (hereinafter "**Filing Date**").

2. On the Filing Date, Debtors were the owners of real property used as a rental property known and described as 2016 West San Miguel Avenue, North Las Vegas, NV 89032, legally described as follows:

> MONTERO UNIT #2B
> PLAT BOOK 53 PAGE 69
> LOT 85 BLOCK 4

3. The value of said real property at the time Debtor's Chapter 13 petition was filed was $75,000. (See appraisal attached hereto as Exhibit "**A**").

4. Per Proof of Claim filed by BAC HOME LOANS, BAC HOME LOANS has asserted the following claim on the Subject Property:

> BAC HOME LOANS                     First Mortgage: $260,624.13

5. As of the date Debtor's Chapter 13 petition was filed, no equity existed in the Subject Property above the amount of the appraisal value of $75,000.00 thereby leaving the mortgage claim of BAC HOME LOANS as partially secured to the extent of the value of the property. If said property were foreclosed or otherwise sold at an auction on the date of the petition, BAC HOME LOANS would only receive partial payment on its mortgage claim.

6. Based on the value of Subject Property, Debtor declares that the mortgage claim of BAC HOME LOANS is only partially secured and that the unsecured portion of the loan should be reclassified as unsecured to share pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan. Debtor also requests that the lien of BAC HOME LOANS be modified, stripped down and reduced to the actual value of the property.

## **LEGAL ARGUMENT**

**A. The Restrictions of 11 U.S.C. §1322(b)(2) Do Not Apply to Real Property Which is Not Debtors' Principal Residence.**

11 U.S.C. § 1322(b)(2) does not apply to this property as it is not Debtors' principal residence.

That section provides:

(b) Subject to subsections (a) and (c) of this section, the plan may —

*****

(2) modify the rights of holders of secured claims, other
Than a claim secured only by a security interest that is
secured by an interest in real property that is the Debtors's
principal residence, . . . .

**B. The Claims by Lienholders May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a)**

11 U.S.C. § 506(a)(1) provides in pertinent part:

(a)(1) An allowed claim of a creditor secured by a lien on
property in which the estate has an interest, or that is subject
To setoff under section 553 of title, is a secured claim to the
extent of the value of such creditor's interest in the estate's
interest in such property, or to the extent of the amount subject
to setoff, as the case may be, and is an unsecured claim to the
extent that the value of such creditor's interest or the amount of
such allowed claim.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. § 1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a).

**C. Any Proof of Claim Filed by Named Lienholder Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to § 501 is deemed allowed unless objected to.  Debtor herewith objects to the Proof of Claim filed by BAC HOME LOANS relative to its mortgage loan at issue and requests that the Proof of Claim be modified consistent with the Order of this Court determining its claim to be only partially secured.

Sanchez Law Group, Ltd.
900 S. Fourth Street, Suite 101
Las Vegas, Nevada 89101
(702) 635-8529

## **CONCLUSION**

Debtor requests determination of the value of Debtor's non-principal residence real property to be less than the amount of the lien of BAC HOME LOANS. As such, the lien of BAC HOME LOANS may be modified, stripped down and reduced to the actual value of the Subject Property. Debtor further requests that the unsecured portion of the claim be reclassified as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan and that the Proof of Claim of the BAC HOME LOANS be modified consistent with the actual value of the property.

Wherefore, Debtor prays this Court:

A.  Determine the value of Debtor's non-principal residence real property to be $75,000.00 or such other amount as the evidence may justify as of the date of the Petition;

B.  Modify the lien of BAC HOME LOANS as secured only to the extent of the actual value of the property as of the date of the Petition;

C.  Reclassify the non-secured portion of BAC HOME LOANS claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and

D.  Conform the Proof of Claim filed by BAC HOME LOANS to the secured/unsecured status of said claim as determined by this Court.

E.  Order such other relief as the Court may deem appropriate.

Dated: December 31, 2009

Respectfully Submitted:

/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtors